UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**JURY TRIAL DEMANDED**

CASE NO:

J.B. and B.B.,

        Plaintiffs,

v.

AIMBRIDGE HOSPITALITY, LLC;

        Defendant.

                             /

## COMPLAINT AND JURY DEMAND

Plaintiffs J.B. and B.B. sue the defendant and allege:

## General Allegations Common To All Counts

1.     This is an action for damages in excess of the sum of Seventy-Five Thousand Dollars ($75,000) and jurisdiction of this cause is further founded upon diversity of citizenship.

2.     The Plaintiffs, at all relevant times, respectively, are wife and husband and are United States citizens who reside in Palm Beach County, Florida. Their names are being initialized throughout this Complaint to protect their privacy due to the sensitive nature of the incident giving rise to this complaint (as alleged in Paragraph 11, *infra)*.

3.     Defendant, AIMBRIDGE HOSPITALITY, LLC [hereafter "AIMBRIDGE"], upon information and belief, is a Delaware limited liability company that maintains its principal place of business at 5851 Legacy Circle, Plano, Texas.

4.     AIMBRIDGE, at all relevant times, is registered to do business in the State of Florida and has appointed an agent for the service of process in this state.

5.      AIMBRIDGE, at all relevant times, contracted and undertook to control and manage  (a) the Jewel Paradise Cove Resort and Spa in Runaway Bay, Jamaica [hereafter "the subject resort"] and its employees, and (b) the marketing, advertising, and promotion of the subject resort to potential customers in the United States including to the plaintiffs in the State of Florida.

6.      AIMBRIDGE, at all relevant times, knew or should have known that there was a significant risk of personal and property crimes at the subject resort, including crime by resort employees against guests, that were highly likely to cause harm to guests and their property unless proper precautions were taken.

7.      AIMBRIDGE, at all relevant times, knew or should have known that some of its male employees, due to cultural and other reasons, were engaging in a pattern of inappropriate fraternization with female guests in the course and scope of their employment, often after drinking alcohol on duty, and that this pattern of misbehavior was highly likely to cause harm to guests unless proper precautions were taken.

8.      AIMBRIDGE, at all relevant times, knew or should have known that a certain male resort employee whose initials were D.W. had a pattern of engaging in inappropriate fraternization with female guests in the course and scope of his employment, sometimes after drinking alcohol on duty, and was otherwise unqualified for employment at the subject resort.

9.      During the first week in February, 2016 the plaintiffs, in and from Florida, booked a stay at the subject resort.

10.     On Tuesday, February 9, 2016, the plaintiffs flew from Florida to Jamaica and registered as guests of AIMBRIDGE at the subject resort.

11.    On Friday, February 12, 2016, plaintiff J.B. was sexually harassed, assaulted and battered by D.W. without her consent in a public bar and women's bathroom in one of the guest common areas  [hereinafter "the subject incident"].

12.    D.W., at all relevant times, was a bartender at the subject resort who had been drinking alcohol on duty in full view of his co-workers and superiors.

13.    As a direct and proximate result of the subject incident, plaintiff J.B. suffered bodily injury, aggravation of pre-existing conditions, physical and mental pain and suffering, disability, loss of capacity for enjoyment of life, costs of health treatment, and loss of earnings and/or earning capacity.  The injuries are permanent and she will suffer these losses in the future.

## <u>COUNT I</u>
### (NEGLIGENCE)

14.    The plaintiffs incorporate the general allegations and previous count(s) of this Complaint as if expressly set forth herein.

15.    AIMBRIDGE, by contracting and/or undertaking to control and/or manage and/or market and/or promote the subject resort and/or the employees, at all relevant times acquired and had a non-delegable duty to exercise reasonable care in its undertakings to the end that third parties such as the plaintiffs would not be injured by forces set in operation by AIMBRIDGE.

16.    AMBRIDGE's non-delegable duty, at all relevant times, was negligently breached, as follows:

   A.   By AMBRIDGE's negligent failure to warn the plaintiffs in the State of Florida and in Jamaica of the risks in question; and,

   B.   By AIMBRIDGE'S negligent misrepresentation of the subject resort and its employees to the plaintiffs in the State of Florida; and,

   C.   By AIMBRIDGE's negligence in controlling and managing the subject resort and employees; and,

D. By AMBRIDGE's negligent failure to establish and apply adequate security measures; and,

E. By AMBRIDGE's negligent failure to establish, communicate and enforce reasonable and credible human resource policies, procedures, and restrictions; and,

F. By AMBRIDGE's negligent failure to reasonably inspect and monitor employee behavior toward guests; and,

G. By AMBRIDGE's negligent failure to adequately train and supervise the employees; and,

H. By AMBRIDGE's negligence in encouraging and/or tolerating and/or ratifying and/or approving inappropriate behavior by employees; and,

I. By AMBRIDGE's negligence in the hiring of the perpetrator of the subject incident; and,

J. By AMBRIDGE's negligence in the retention of the perpetrator of the subject incident; and,

K. By the negligent acts or omissions of AIMBRIDGE's real or apparent agents, undisclosed principals or agents, or joint venturers; and,

L. By the acts and omissions of the perpetrator of the subject incident; and,

M. By other fault that may be revealed in discovery.

17. As a direct and proximate result of this negligence, the plaintiff J.B. suffered bodily injury, aggravation of pre-existing conditions, physical and mental pain and suffering, disability, loss of capacity for enjoyment of life, costs of health treatment, and loss of earnings and/or earning capacity. The injuries are permanent and the plaintiff will suffer these losses in the future.

WHEREFORE, the plaintiff J.B. demands judgment for all damages legally allowable under the facts of the case against AIMBRIDGE, including but not limited to compensatory and consequential damages and costs, and further demands trial by jury.

4

## COUNT II
### (MISREPRESENTATION)

18.    The plaintiffs incorporate the general allegations and previous count(s) of this Complaint as if expressly set forth herein.

19.    AIMBRIDGE, at relevant times, individually and/or through real or apparent agents, contractors, undisclosed principals, agents of undisclosed principals, and/or joint venturers, undertook to disclose to the plaintiffs in the State of Florida *some* information about the subject resort, its environment, and its employees that was material to the plaintiffs' decisions (a) to book the resort and/or (b) to travel from the U.S. to Runaway Bay, Jamaica, and/or (c) to remain at the resort after arrival.

20.    AIMBRIDGE, by disclosing *some* material information to the plaintiffs in the State of Florida about the subject resort, its environment, and its employees, acquired a duty to fully disclose *all* relevant and/or material information regarding the same topics (*i.e.,* to tell "the whole truth").

21.    AIMBRIDGE, at all relevant times, knew of the specific risks alleged in Paragraphs 6 through 8 of this Complaint and the identities of its principals, agents, and other entities which were responsible for the subject resort and employees, and deliberately and purposefully failed to disclose those facts to the plaintiffs and other unwitting potential and actual guests.

22.    AIMBRIDGE, in its failure to disclose this material information, upon information and belief was acting to further its own economic interests and/or those of its real or apparent agents, disclosed and undisclosed principals, and/or joint venturers in that AIMBRIDGE believed that disclosure of the risks and facts in question would discourage potential customers from booking, travelling to, and/or staying in the subject resort.

23.     AIMBRIDGE, in all these respects, acted willfully, wantonly, and in bad faith.

24.     AMBRIDGE's deliberate failure to disclose its entire knowledge and information (*i.e.,* "the whole truth") on these topics to the plaintiffs, who were otherwise unaware, was material (a) to the plaintiffs' decision to book a stay at the resort, and (b) to remain there after arrival and/or (c) to the level of precautions they took (or failed to take) for their own safety.

25.     As a direct and proximate result of AIMBRIDGE's failure to disclose material information (*i.e.,* "the whole truth") about the subject resort and its employees, the plaintiff J.B. became the victim of the subject incident and suffered bodily injury, aggravation of pre-existing conditions, physical and mental pain and suffering, disability, loss of capacity for enjoyment of life, costs of health treatment, and loss of earnings and/or earning capacity.  The injuries are permanent and the plaintiff will suffer these losses in the future.

WHEREFORE, the plaintiff J.B. demands judgment for all damages legally allowable under these facts against defendant AIMBRIDGE, jointly and severally, including but not limited to compensatory, consequential, and exemplary damages, costs, attorney's fees, and prejudgment interest, and further demands trial by jury.

## COUNT III
### (JOINT VENTURE LIABILITY)

26.     The plaintiffs incorporate the general allegations and previous count(s) of this Complaint as if expressly set forth herein.

27.     AIMBRIDGE, at all relevant times, controlled and managed the subject resort, its employees, and its marketing and promotion along with HILTON WORLDWIDE HOLDINGS, INC. and /or HILTON WORLDWIDE, INC and/or SAGICOR REAL ESTATE X FUND and/or SIGMA REAL ESTATE PORTFOLIO and/or X FUND PROPERTIES, LTD. and/or other

persons and entities that functioned as AIMBRIDGE's principals, real or apparent agents, and joint venturers in that:

    (a)    they shared a community of interest with AIMBRIDGE in the performance of the common purpose; and,

    (b)    they shared joint control or right of control with AIMBRIDGE; and,

    (c)    they shared a joint proprietary interest with AIMBRIDGE in the subject matter; and,

    (d)    they had a right with AIMBRIDGE to share in the profits; and,

    (e)    each had a duty with AIMBRIDGE to share in any losses which may have been sustained.

28. As a consequence of the joint venture relationship between AIMBRIDGE and such other third parties, each was and is liable for the negligence and/or intentional misconduct, if any, of the others or of their agents and employees in the furtherance of the venture.

29. As the direct and proximate result of the negligence and/or the fault and/or the misrepresentations of the resort by AIMBRIDGE and/or its joint venturers, the plaintiff J.B. became the victim of the subject incident and suffered bodily injury, aggravation of pre-existing conditions, physical and mental pain and suffering, disability, loss of capacity for enjoyment of life, costs of health treatment, and loss of earnings and/or earning capacity. The injuries are permanent and the plaintiff will suffer these losses in the future.

WHEREFORE, the plaintiff J.B. demands judgment for all damages legally allowable under these facts against defendant AIMBRIDGE, jointly and severally, including but not limited to compensatory, consequential, and exemplary damages, costs, attorney's fees, and prejudgment interest, and further demands trial by jury.

## COUNT IV
### (LOSS OF CONSORTIUM)

30.    The plaintiffs incorporate the general allegations and previous count(s) of this Complaint as if expressly set forth herein.

31.    As a direct and proximate result of the negligence, fault, and misrepresentations of AIMBRIDGE and/or its real or apparent agents, disclosed and undisclosed principals, agents of undisclosed principals, and joint venturers, plaintiff B.B. has suffered the loss of his wife's companionship, services, society and consortium.  The injuries are permanent and the plaintiff B.B. will suffer these losses in the future.

WHEREFORE, the plaintiff B.B. demands judgment for all damages legally allowable under these facts against defendant AIMBRIDGE, jointly and severally, including but not limited to compensatory, consequential, and exemplary damages, costs, attorney's fees, and prejudgment interest, and further demands trial by jury.

DAVID J. GLATTHORN, ESQUIRE
506A Datura Street
West Palm Beach, FL 33401
Tel: 561-659-1999
Fax: 561-659-9075
Florida Bar No:  307416
Pleadings@DavidGlatthornLaw.com
Adriana@DavidGlatthornLaw.com
Co-Counsel for Plaintiffs

And

ERIKSEN LAW FIRM
2161 Palm Beach Lakes Blvd., Ste. 410
West Palm Beach, FL 33409-6611
Tel:     866-493-9902 (Toll-free)
Fax:     561-533-8715
mde@travelaw.com
Co-Counsel for Plaintiff

By: /s/  Michael D. Eriksen
     MICHAEL D. ERIKSEN
     Florida Bar No. 316016